OPINION
A general contractor, Lichtenberg Construction Development, Inc., relied on a bid given by a masonry subcontractor, Paul Wilson, Inc., when it submitted its own bid on a construction project. Lichtenberg was awarded the general contract and later attempted to enter into a subcontract with Wilson. But a dispute arose about the subcontract's terms, and Lichtenberg and Wilson could not reach an agreement. Lichtenberg ended up using a different subcontractor, which charged $22,800 more than Wilson's bid. Lichtenberg then sued Wilson for the $22,800. The issue in this case is whether Wilson was obligated to honor its bid.
Regarding the chronology of events, the trial court made the following findings of fact. On March 17, 1998, Wilson made a bid to Lichtenberg for the masonry work on an addition to a church. On the same day, Lichtenberg, relying on Wilson's bid, submitted its own bid to the church. On April 6, the church orally notified Lichtenberg that Lichtenberg was likely to get the contract. On April 30, Lichtenberg received a signed general contract from the church. (Our review of the record reveals that this actually occurred on April 29. The record also reveals that, on either April 29 or April 30, Lichtenberg orally informed Wilson that it intended to enter into a subcontract with Wilson.) On May 4, Lichtenberg sent Wilson a proposed subcontract.
Based on its findings, the court held in favor of Wilson. The court concluded that Lichtenberg had not given Wilson timely notice of its intent to use Wilson as its subcontractor. Because Lichtenberg had not given timely notice, the court held that Wilson was not obligated to honor its bid.
Lichtenberg now appeals, asserting in its sole assignment of error that the trial court erred in its judgment. In the assignment, Lichtenberg raises two general issues. The first involves whether Lichtenberg gave notice to Wilson within a reasonable time that it intended to enter into a subcontract with Wilson. The second involves the reasonableness of the proposed subcontract's terms.
 I. Subcontract Notice
With respect to the first issue that Lichtenberg raises, we hold that the applicable law was correctly set forth in WargoBuilders, Inc. v. Douglas L. Cox Plumbing Heating, Inc.: "A subcontractor who makes a `bid' or `quote' which constitutes an offer to a general contractor, who submits a bid in reliance upon such offer, is bound to perform in accordance with the terms of that offer when the general contractor (1) is awarded the contract and (2) within a reasonable time thereafter notifies the subcontractor that the offer is accepted. Under such circumstances the subcontractor is liable in damages to the general contractor for failure to perform."[1] Here, the second part of the rule is at issue: whether Lichtenberg gave Wilson notice within a reasonable time that Wilson's offer, or bid, was accepted. In other words, did Lichtenberg inform Wilson within a reasonable time that Lichtenberg intended to enter into a subcontract with Wilson?
Here, we conclude that the trial court erred in its application of the rule enunciated in Wargo Builders. Specifically, the court erred when it determined that the relevant time period for determining reasonable notice was between the time when Wilson submitted its bid to Lichtenberg (March 17) and the time when Lichtenberg informed Wilson that it accepted Wilson's bid (April 29 or April 30). The court's error was that it chose March 17 as the starting point for the time period. This was not an appropriate starting point, because Lichtenberg could not enter into a subcontract with Wilson until Lichtenberg entered into a general contract with the church. Thus, the starting point should have been the date when the church awarded the general contract to Lichtenberg, which was on April 29. (In the church's specifications regarding bids, the church stated that no bids would be considered to be accepted until the church gave written notice to the general contractor. Although the church orally notified Lichtenberg on April 6 that Lichtenberg was likely to get the contract, the church did not officially accept until April 29. Additionally, the specifications stated that contractors had to keep their bids open for sixty days. All of the relevant time periods here were well within the original sixty days.)
With April 29, not March 17, as the starting point, Lichtenberg's notice to Wilson that it intended to enter into a subcontract clearly came within a reasonable time. In fact, Lichtenberg's notice to Wilson came on either April 29 or April 30 at the latest, only one day after Lichtenberg received the general contract from the church. Therefore, we hold that the court erred in concluding that Lichtenberg's notice to Wilson did not come within a reasonable time.
But that does not end the analysis. An issue still remains as to whether the terms of Lichtenberg's subcontract were reasonable.
 II. Subcontract Terms
The second issue raised in Lichtenberg's assignment of error is one that was raised by Wilson at trial, but that the trial court did not address in its decision. At trial, Wilson argued that it had not entered into Lichtenberg's proposed subcontract because Lichtenberg had included in the contract certain disagreeable terms, including a clause regarding attorney fees and a "time-is-of-the-essence" clause. Wilson claimed that Lichtenberg had refused to negotiate these disputed clauses — a claim that Lichtenberg denied. According to Wilson, it had no obligation to accept the subcontract because the disputed clauses were unreasonable.
As we previously stated, a subcontractor is bound to its bid to a general contractor if the general contractor relied on that bid, was awarded a general contract, and notified the subcontractor within a reasonable time that the subcontractor's bid was accepted.[2] But if the general contractor then proposes a subcontract with terms that the subcontractor should not reasonably have expected when the subcontractor made the bid, then the subcontractor will not be obligated to honor the bid.[3]
Here, because the trial court did not address the reasonableness of the proposed subcontract's terms, we cannot review the issue on appeal. The determination of the reasonableness of a proposed subcontract's terms is a question of fact that depends on factors including industry customs and the type of work to be performed. In this case, we cannot conclude that the proposed terms were reasonable or unreasonable as a matter of law. Thus, we remand this case to the trial court to make findings of fact and conclusions of law on the issue. On remand, the court should consider the proposed terms of the subcontract, as well as the parties' willingness to negotiate the terms with each other. Ultimately, the court should determine whether Wilson's refusal to honor its bid was reasonable and enter judgment accordingly. Then, should this case be appealed again, we could effectively review that factual determination.
Therefore, the assignment of error is sustained in part, the judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
 DOAN, P.J., and GORMAN, J., concur.
[1] (1971), 26 Ohio App.2d 1, 268 N.E.2d 597.
[2] See id.
[3] See R.P. Carbone Constr. Co. v. North Coast Concrete, Inc.
(1993), 88 Ohio App.3d 505, 508, 624 N.E.2d 326, 328 ("[WargoBuilders] recognize[s] that the subcontractor is bound only by the terms of its original offer.").